■ In the Matter of JOY WHOLESALE SUNDRIES, INC., et al. PAUL BERGER, Respondent-Appellant; STEPHEN D. GOLDSTEIN, Appellant-Respondent.—In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely held corporation, converted to a proceeding to determine the fair value of the petitioner's shares in said corporation upon the election of the corporation to purchase the petitioner's shares pursuant to Business Corporation Law § 1118, the appeal and cross appeal are from an order of the Supreme Court, Nassau County (Modugno, J.H.O.), entered October 4, 1985, which, inter alia, (1) determined the fair value of the petitioner's shares in Joy Wholesale Sundries, Inc., to be $1,230,000, and (2) directed that such sum be paid as follows: $630,000 immediately and $600,000 in six installments of $100,000 each, payable over a six-month period.

Ordered that the order is modified, on the law and the facts, by (1) deleting from the first paragraph thereof the words "ONE MILLION TWO HUNDRED THIRTY THOUSAND ($1,230,000.00)", and substituting therefor the words "ONE MILLION ONE HUNDRED SEVEN THOUSAND ($1,107,-000)", (2) deleting from the second paragraph thereof the words "SIX HUNDRED THIRTY THOUSAND ($630,000.00)", and substituting therefor the words "FIVE HUNDRED SEVEN THOUSAND ($507,000)", and (3) awarding the petitioner interest at the rate of 9% per annum on each periodic payment of a portion of said sum of $1,107,000 from March 20, 1985, to the date of payment, and upon the unpaid balance

thereof, to be paid together with each periodic installment of principal. As so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The Judicial Hearing Officer erred in failing to apply a discount to reflect the lack of marketability of the petitioner's shares of stock in a closely held corporation (see, Matter of Blake v Blake Agency, 107 AD2d 139, lv denied 65 NY2d 609). In our previous decisions addressing this issue, we had applied a lack of marketability discount of 25% (see, Matter of Blake v Blake Agency, supra; Matter of Fleischer, 107 AD2d 97). However, in the particular circumstances presented at bar, we have determined that an appropriate discount would be 10%. Other than the failure to apply the lack of marketability discount, we find no error in the methods used by the Judicial Hearing Officer to determine the fair value of the petitioner's shares (see, Matter of Blake v Blake Agency, supra).

Since there was no evidence of bad faith on the petitioner's part, the court should have awarded interest on the fair value determined from March 20, 1985, the day prior to the filing of the petition, to the date of payment (see, Matter of Blake v Blake Agency, supra, at pp 150-151). We therefore award interest at the statutory rate of 9% per annum (see, CPLR 5004), and remit the matter to the Supreme Court, Nassau County, for the entry of an appropriate judgment (see, CPLR 411). Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.