■ VIRGINIA V. GLASS, Respondent-Appellant, v LEO GLASS, Appellant-Respondent.—Casey, J. P. Cross appeals from a judgment of the Supreme Court (Klein, J.H.O.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered June 29, 1990 in Sullivan County, upon a decision of the court.

Following a trial, Supreme Court granted the parties a divorce and equitably distributed the marital property. The parties cross-appeal from the judgment, contending that the court made a number of errors.

Plaintiff's main claim on appeal is that Supreme Court erred in valuing defendant's law practice and certain real property on the basis of appraisals conducted pursuant to an agreement between the parties. The court conducted a hearing on the issue and concluded that the parties intended to be bound by the valuations resulting from the appraisals. Based upon our review of the record, including evidence of the parties' conduct before and after the appraisals were prepared, we find no basis for disturbing Supreme Court's ruling on the issue. Plaintiff's contention that the parties' agreement concerning the valuation of certain marital assets constitutes an opting-out agreement subject to the formal requirements of Domestic Relations Law § 236 (B) (3) is meritless.

Next, Supreme Court's conclusion that the bulk of the marital property should be evenly divided between the parties is challenged by both plaintiff and defendant. It is clear from the decision that each of the statutory factors was considered *(see,* Domestic Relations Law § 236 [B] [5] [d]), and the court viewed the lengthy marriage as an economic partnership. The court's factual findings are amply supported by the record and there is no basis for disturbing the award. Plaintiff's assertion of inadequacy is based largely upon her claim that defendant's law practice and certain real property were undervalued, a claim which has no merit in light of our ruling on the previous issue. Defendant's contention that the award to

plaintiff is excessive ignores the evidence in the record which supports the court's finding of an economic partnership.

We reject plaintiff's claim that Supreme Court erred in valuing the marital assets as of the date of the commencement of the action (see, Lord v Lord, 124 AD2d 930, 932). Defendant's law practice and certain real property were valued on the basis of the parties' agreement and there is nothing in the record to suggest that valuation of the other assets as of the date of the commencement of the action was patently inequitable (cf., Patelunas v Patelunas, 139 AD2d 883, 884-885). We are of the view, however, that plaintiff's share of defendant's pension/retirement funds should have included the passive appreciation which occurred during the period of time between the commencement of the action and the date of trial (see, Glasberg v Glasberg, 162 AD2d 586). The matter must therefore be remitted to Supreme Court to determine how much of the increase in the value of defendant's pension/retirement funds was due to passive appreciation and how much was due to defendant's contributions after commencement of the action, which are not subject to equitable distribution (supra).

We see no abuse of discretion in Supreme Court's award of counsel fees (see, O'Brien v O'Brien, 66 NY2d 576, 590). Plaintiff's trial counsel and experts spent much of their effort seeking to avoid the consequences of the parties' agreement as to the valuation of defendant's law practice and other assets and, as noted by Supreme Court, plaintiff's retention of counsel who had to travel approximately five hours for every court appearance, conference and examination before trial contributed to plaintiff's legal expenses. Accordingly, we reject plaintiff's claim that she was entitled to more than the amount awarded by Supreme Court. We have examined plaintiff's other arguments and find them insufficient to merit any discussion.

Defendant contends that he was entitled to a credit for voluntary payments made to and on behalf of plaintiff while the action was pending, but it does not appear that defendant requested such a credit. Defendant also claims that Supreme Court erred in its valuation of two life insurance policies. Defendant argues that loans had been made against the policies, but there is no evidence as to when the loans were made or whether they were chargeable against marital property. We note that Supreme Court expressly refused to provide any setoff for defendant's total estimated debts, other than real property obligations. Defendant also contends that

the court's decision reflects confusion as to which of the parties' vehicles was to be retained by plaintiff. It appears that plaintiff was awarded "[f]ull title to [the] 1979 Buick now in her possession", when she was actually in possession of the more valuable 1985 Buick. Since the matter must be remitted for reconsideration of the pension/retirement funds distribution, the court can also clarify its decision concerning the vehicles and take whatever corrective action may be necessary.

Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by vacating so much thereof as distributed defendant's pension/retirement funds and the parties' vehicles; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.