■ LINDA L. MADORI, Respondent, v FRANK P. MADORI, Appellant. [608 NYS2d 331] —Weiss, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Donovan, J.) ordering equitable distribution of the parties' marital property, entered May 16, 1991 in Westchester County, upon a decision of the court.

The parties were married on February 1, 1981 and have two children, Lorin, born in 1982, and Lea, born in 1984. This action for divorce on grounds of cruel and inhuman treatment was commenced in April 1987 after defendant left the marital home. Defendant is a physician who graduated from a foreign medical school and had procured his license to practice prior to the marriage. He has appealed from that portion of the divorce judgment which granted plaintiff a 40% equitable interest in his enhanced earning capacity,* the award of counsel and expert fees, the allocation of marital debt and the failure to award him certain credits.

Defendant, focusing on factors set forth in Domestic Relations Law § 236 (B) (5) (d) (2) and (6), contends that, in light of the short duration of the marriage (six years) and plaintiff's limited, noneconomic contribution to defendant's enhanced earning capacity, a 40% equitable distribution is excessive. Although defendant suggests that plaintiff's efforts as a homemaker played at best a minimal role in his achieving the added earning capacity, the record amply supports the contrary finding by Supreme Court *(see, Price v Price,* 69 NY2d 8, 17-18; *cf., Duspiva v Duspiva,* 181 AD2d 810, *lv denied* 80 NY2d 752). Moreover, the court relied upon the distributive award as a substantial factor in its denial of any form of maintenance to plaintiff and defendant has failed to demonstrate any particular error in the award. We similarly find

---

* Defendant neither contests the existence of the enhanced earning capacity, its marital property nature nor its $136,860 value. Inasmuch as defendant specifically limits this element of his appeal to the percentage of distribution, we need not address the question of whether such an award is justified in that the benefits of educational and experience attainments merge into developed salaried careers *(see, McSparron v McSparron,* 190 AD2d 74, 80-81; *see also, Semans v Semans,* 199 AD2d 790).

defendant's contentions concerning the allocation and crediting of marital debts to be without merit (see, Savage v Savage, 155 AD2d 336, 337). Much of the combined debt was attributable to defendant's educational and legal expenses, and an offset against defendant's assumption of plaintiff's business indebtedness was included within a credit of $6,600 awarded to defendant.

The distribution of marital property and the allocation of marital liability are necessarily part of an interrelated whole which must be, and here are addressed, in a comprehensive decision which includes consideration of maintenance and child custody issues (see, 3 Freed, Brandes and Weidman, Law and the Family New York § 1.1, at 9 [2d ed rev]; see also, Fleitz v Fleitz, 200 AD2d 874, 875). Absent other circumstances not here present, defendant's piecemeal attack on parts of the award, citing and analyzing only selected factors without a comprehensive showing of unfairness, fails to warrant the intervention of this Court's discretion (see, Kobylack v Kobylack, 62 NY2d 399).

Defendant's remaining contention is that Supreme Court failed to give proper consideration to the parties' respective financial circumstances in awarding counsel and expert fees, suggesting that the court must have been confused about the financial position of the parties. We find that there was neither confusion nor abuse of discretion. The needlessly inordinate record explains the sizeable fees which would otherwise appear unjustified by the value of this contested estate. Supreme Court assessed defendant with the responsibility for a significant percentage of plaintiff's fees based upon, inter alia, the relative necessity of the extensive proceedings, plaintiff's need to forfend against economic disparity, and the need to protect plaintiff from legal dominance by defendant. While defendant may suffer what should be only temporary cash flow difficulties as a result of the judgment, the professed lack of liquidity of the marital property and debt he has incurred, when weighed against plaintiff's financial circumstances and the parties' relative earning power, does not warrant altering Supreme Court's judgment (see, Glass v Glass, 177 AD2d 807, 808; see also, DeCabrera v Cabrera-Rosete, 70 NY2d 879).

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, with costs. [See, 151 Misc 2d 737.]