■ In the Matter of WILLIAM H. WHALEN, Appellant, v WHALEN'S MOVING & STORAGE CO., INC., Respondent. [612 NYS2d 165] —In a proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution of Whalen's Moving & Storage Co., Inc., the petitioner appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered March 31, 1992, which, inter alia, denied his motion to compel the respondent to post $250,000 in security, to impose a lien on the respondent's real property, and for related relief, and failed to compel the Referee to submit his report by a date certain.

Ordered that the order is affirmed, without costs or disbursements; and it is further,

Ordered that if the Referee has not yet submitted his appraisal to the Supreme Court, Westchester County, he shall do so within 30 days after service upon him of a copy of this decision and order, with notice of entry.

The petitioner contends for the first time on appeal that the Supreme Court should have directed the Referee to submit his appraisal on a specific date. In his motion papers, however, the petitioner requested that the Supreme Court direct the Referee to submit his appraisal forthwith. Under the circumstances, it was not an improvident exercise of discretion for the Supreme Court to direct the Referee to complete his

valuation of the petitioner's stock as soon as possible rather than by a date certain.

Additionally, it was not improper for the Supreme Court to instruct the Referee to express the value of the petitioner's shares in terms of their fair market value, nor was it error to direct the Referee to discount the value of the shares in recognition of their lack of marketability, since the shares of a closely held corporation cannot be readily sold on a public market. However, the discount should only be applied to the portion of the value attributable to goodwill (see, Matter of Blake v Blake Agency, 107 AD2d 139, 149). We note that pursuant to a prior order entered May 24, 1991, the Supreme Court can further adjust the Referee's figures when rendering a decision as to the value of the stock.

Finally, it was not an improvident exercise of discretion for the Supreme Court to deny the petitioner's other demands for relief. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.