■ CARMINE GACCIONE, Appellant, v KATHLEEN GACCIONE, Respondent. [622 NYS2d 743] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Burrows, J.), dated July 28, 1992, which, *inter alia,* (1) granted the defendant wife an equitable share in his Keogh plan in the amount of $8,600, (2) directed him to pay the wife's counsel fees, (3) ordered that the personal property acquired during the marriage, as proven at trial, be divided equally, and (4) in effect, denied him an equitable share of the wife's tax deferred annuity and pension.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

We do not find that the Supreme Court improvidently exercised its discretion in its distribution of the marital property. The distribution of marital property and the allocation of marital liability are necessarily part of an interrelated whole which must be addressed in a comprehensive decision. "Absent other circumstances not here present, the [appellant's] piecemeal attack on parts of the award, citing and analyzing only selected factors without a comprehensive showing of unfairness, fails to warrant the intervention of this Court's discretion" *(Madori v Madori,* 201 AD2d 859, 860).

Moreover, the Supreme Court did not improvidently exercise its discretion in awarding counsel fees to the respondent *(see,* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Matter of O'Neil v O'Neil,* 193 AD2d 16). Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.