■ In the Matter of ANTHONY CINQUE, Respondent, v LARGO ENTERPRISES OF SUFFOLK COUNTY, INC., Appellant. [622 NYS2d 735] —In a proceeding pursuant to Business Corporation Law § 1104-a to dissolve a closely held corporation, Largo Enterprises of Suffolk County, Inc., appeals from (1) a judgment of the Supreme Court, Suffolk County (Velsor, J.H.O.), entered July 17, 1992, which, after a hearing and upon a finding that the fair value of the petitioner's shares of the corporation as of September 7, 1988, was $656,695, is in favor of the petitioner and against it in the principal sum of $656,695, plus interest in the amount of $227,497.60, and (2) an order of the same court (Werner, J.), entered February 10, 1993, which denied its motion to set aside the judgment and for a new trial on the ground of newly discovered evidence.

Ordered that the judgment is modified, on the law and on the facts, by (1) decreasing the principal sum awarded to the petitioner from $656,695 to $468,045 and (2) deleting the award of interest and the words "with appropriate interest as of September 7, 1988," and substituting therefor the words "with appropriate interest as of September 8, 1988"; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the order dated February 10, 1993, is affirmed, without costs or disbursements.

The appellant, Largo Enterprises of Suffolk County, Inc., is the majority shareholder of 133-135 Main Street Realty Corporation (hereinafter the corporation), a closely held corporation whose only assets are cash and the real property located at 133-135 Main Street, Westhampton Beach. After the petitioner commenced this proceeding, the appellant elected to purchase the petitioner's shares of the corporation pursuant to Business Corporation Law § 1118. A hearing was held before a Judicial Hearing Officer to determine the fair value of the corporation.

"The value of [a] corporation should be determined on the basis of what a willing purchaser, in an arm's length transaction, would offer for the corporation as an operating business, rather than as a business in the process of liquidation" (*Matter of Blake v Blake Agency,* 107 AD2d 139, 146).

The Judicial Hearing Officer in this case erred by using the fair market rental value of the corporate real property when he determined its fair market value pursuant to the income capitalization method of valuing real property. Under the pertinent facts of this case, the fair market value of the property should reflect that the property is subject to a below-market-value lease. Therefore, the fair market value of the property is limited to the income due under the lease. The appellant's expert properly determined, pursuant to the income capitalization method, that the fair market value of the property is $915,000. The Judicial Hearing Officer should have employed this figure in determining the fair value of the corporation.

The Judicial Hearing Officer properly refused to discount the value of the petitioner's shares of the corporation due to their lack of marketability. Such a discount should only be applied to the portion of the value of the corporation that is

attributable to goodwill *(see, Matter of Whalen v Whalen's Moving & Stor.,* 204 AD2d 468; *Matter of Blake v Blake Agency,* 107 AD2d 139, 149, *supra).* Here, the value of the corporation is attributable solely to real property and cash.

It was not an improvident exercise of discretion to award interest to the petitioner. However, the Judicial Hearing Officer should have awarded interest from the date the petition was filed and not the date prior to the filing of the petition *(see,* Business Corporation Law § 1118 [b], as amended by L 1986, ch 861, § 1).

Finally, the Supreme Court properly denied the appellant's motion to set aside the judgment and for a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence probably would not have produced a different result if it had been introduced at the hearing, and the appellant does not offer any reason why it could not have been discovered in time to move for a new trial pursuant to CPLR 4404 *(see,* CPLR 5015 [a] [2]). Thompson, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.