■ JAYNE BLANKENSHIP, Appellant, v JAMES L. KERR, Respondent. [639 NYS2d 841]

The husband and wife were married in May 1985, and their son was born in October of that same year. This action was commenced in 1988, the same year that the wife and the child moved out of the marital residence.

The trial court's award of $850 a month in permanent maintenance to supplement the wife's future earnings was appropriate under the circumstances *(see, e.g., Sperling v Sperling,* 165 AD2d 338, 342). The evaluation of the credibility of witnesses and quality of proof can best be made by the trial court, which has direct access to the parties and therefore appellate courts afford such determinations great weight on appeal *(see, Northern Westchester Park Assocs. v Town of Bedford,* 60 NY2d 492; *Yasparro v Yasparro,* 207 AD2d 445). It is clear on this record that the trial court, in rejecting the wife's contention that her alleged health problems so debilitated her that she could not work at all, relied on its own observations of the wife's ability to participate in the trial as well as the opinion of the husband's expert witness that persons suffering from the conditions the wife claimed to have could nonetheless maintain employment.

Nor did the court err in denying the wife a distributive award based on the increase in the husband's earnings from 1985 to 1988, the period of the marriage. The husband earned his law degree in 1972 and, at the time of the trial, he was a salaried senior attorney at a law firm. We agree with the Supreme Court that the evidence established that the parties' brief, tumultuous marriage never became an economic or

emotional partnership and that any increases in the husband's earnings during the marriage were unrelated to any efforts or contributions of the wife *(see, e.g., Kalisch v Kalisch,* 184 AD2d 751; *cf., McSparron v McSparron,* 87 NY2d 275; *Madori v Madori,* 201 AD2d 859).

The wife contends that the amount of child support should have been calculated by applying the statutory 17% for one child to the total parental income, including that portion of the income in excess of $80,000. We conclude, however, that the trial court's award of $25,000 a year, plus medical expenses and reasonable private school tuition through college, was not an improvident exercise of its discretion *(see, e.g., Matter of Cassano v Cassano,* 85 NY2d 649; Domestic Relations Law § 240 [1-b] [c] [3]; [f] [9] [i]).

The wife's remaining contentions are without merit. Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.