■ In the Matter of WILLIAM H. WHALEN III, Appellant-Respondent, v WHALEN'S MOVING & STORAGE CO., INC., Respondent-Appellant. [651 NYS2d 579] —In a proceeding pursuant to Business Corporation Law § 1104-a to dissolve a closely-

held corporation, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered November 27, 1995, which, after a nonjury trial, is in favor of him and against Whalen's Moving & Storage Co., Inc., in the principal sum of only $284,378, and Whalen's Moving & Storage Co., Inc., cross-appeals from the same judgment on the ground of excessiveness.

Ordered that the judgment is modified, on the law and on the facts, by (1) deleting from the decretal paragraph thereof the sum of $284,378 and substituting therefor the sum of $351,947, and (2) deleting the words "with interest at the rate of four percent from February, 1990," and substituting therefor the words "with interest at the rate of four percent from March 13, 1990"; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

In determining the value of the petitioner's stock, the Supreme Court concluded that the corporation had a fair operating value of $1,189,000. The Supreme Court then reduced this sum by 20% for lack of marketability leaving a net amount of $951,200.

The petitioner owned 31% of the stock. Thus, the value of the petitioner's stock was $294,872. The Supreme Court then determined the nonoperating value of the corporation based on real property it owned valued at $381,306. This increased the value of the petitioner's stock by $118,205. In computing the nonoperating value of the corporation the court did not include stock the corporation owned in National Freight Company valued at $23,800. Accordingly, the Supreme Court concluded that the value of the petitioner's stock was $413,077 ($294,872 + $118,205).

From this amount the Supreme Court deducted $84,919 representing 31% of the value of a salary and benefits package which the corporation was obligated to pay to the petitioner's parents, and $44,380 representing medical insurance premiums the corporation paid on behalf of the petitioner. The court thus arrived at a net figure of $284,378 for which judgment was entered in favor of the petitioner. We note that the court made a computational error of $600 in favor of the petitioner when it made the aforementioned deductions and the actual judgment which should have been entered was in the sum of $283,778.

"The value of [a] corporation should be determined on the basis of what a willing purchaser, in an arm's length transac-

tion, would offer for the corporation as an operating business, rather than as a business in the process of liquidation" (*Matter of Blake v Blake Agency*, 107 AD2d 139, 146).

The Supreme Court properly determined the fair operating value of the corporation. However, the Supreme Court should not have discounted its operating value for lack of marketability. Such a discount should only be applied to the portion of the value of the corporation that is attributable to goodwill (*see, Matter of Cinque v Largo Enters.*, 212 AD2d 608; *Matter of Whalen v Whalen's Moving & Stor. Co.*, 204 AD2d 468; *Matter of Blake v Blake Agency*, 107 AD2d 139, 149, *supra*). Here, the operating value of the corporation is attributable solely to tangible assets. Thus, the value of the petitioner's shares must be increased by $73,718. Furthermore, the Supreme Court properly determined the fair market value of the corporation's real property. However, the Supreme Court should have included in the corporation's nonoperating value the sum of $23,800, the value of the corporation's stock in National Freight Companies as of the date prior to the date the petition was filed (*see,* Business Corporation Law § 1118 [b]). Accordingly, the value of the petitioner's shares must be increased by an additional $7,378 (i.e., 31% of $23,800). Thus, the value of the petitioner's stock before any deductions is $494,173.

The Supreme Court should not have deducted $84,919, representing a percentage of a benefits package allegedly due to the petitioner's parents, from the value of the petitioner's shares. However, the Supreme Court should have deducted from the value of the petitioner's shares $97,846 representing loans received by the petitioner from the corporation. Thus, the proper amounts to be deducted were $97,846 and $44,380 for medical insurance premiums paid by the corporation, leaving a net sum due the petitioner of $351,947. We have modified the judgment accordingly.

It was not an improvident exercise of discretion for the Supreme Court to award interest to the petitioner at the rate of 4% per annum (*see,* Business Corporation Law § 1118 [b], as amended by L 1986, ch 861; *see also, Matter of Seagroatt Floral Co. [Riccardi]*, 167 AD2d 586, *affd* 78 NY2d 439). However, the Supreme Court should have awarded interest from the date the petition was filed (*see,* Business Corporation Law § 1118 [b], as amended by L 1986, ch 861).

The parties' remaining contentions are without merit. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.