■ Richard L. Cohen, Appellant, v Doris I. Cohen, Respondent. [719 NYS2d 700] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Costello, J.), entered March 22, 1999, which, *inter alia*, equitably distributed the marital property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The property which the Supreme Court considered for equitable distribution consisted of the plaintiff's varying interests in real estate corporations and partnerships. The plaintiff's interests in these assets ranged from 18% to 50%. The plaintiff contends that the Supreme Court erred when it did not apply a discount factor in determining the true market value of his various interests.

As the trier of fact, the Supreme Court's determination

should be given great deference, especially in connection with issues of credibility, such as expert evaluation of property value (*see, Gunn v Gunn,* 261 AD2d 360; *Adinolfi v Adinolfi,* 242 AD2d 311; *Dempster v Dempster,* 236 AD2d 582; *Stempler v Stempler,* 200 AD2d 733). The discount for lack of marketability "should only be applied to the portion of the value of the corporation that is attributable to goodwill" (*Matter of Whalen v Whalen's Moving & Stor. Co.,* 234 AD2d 552, 553; *see, Matter of Cinque v Largo Enters.,* 212 AD2d 608; *Matter of Blake v Blake Agency,* 107 AD2d 139, 149). Here, the subject real estate holdings consist solely of real property. Therefore, the Supreme Court properly determined not to apply a discount for lack of marketability as to that portion of the property subject to equitable distribution.

The plaintiff's remaining contentions are without merit. Bracken, Acting P. J., McGinity, Luciano and Feuerstein, JJ., concur.