■ JEAN UNTERREINER, Respondent, v STEFAN J. UNTER-REINER, Appellant. [733 NYS2d 239] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated September 13, 2000, as, after a nonjury trial, awarded maintenance to the plaintiff in the amount of $50,000 per year for three years and $40,000 per year for an additional three years.

Ordered that the defendant's notice of appeal from an order of the same court, dated August 3, 2000, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, and it is further,

Ordered that the respondent is awarded one bill of costs.

"The court may order maintenance in such amount as justice requires, considering, *inter alia,* the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking mainte-nance" (*Kret v Kret,* 222 AD2d 412; *see also, Mica v Mica,* 275 AD2d 765; Domestic Relations Law § 236 [B] [6] [a]).

Here, the Supreme Court properly exercised its discretion in awarding maintenance to the plaintiff. While the plaintiff received a considerable distributive award, the parties enjoyed an unsparing lifestyle during their 26-year marriage. Further-more, the wife has been away from work since 1979, does not have a college degree, and requires time to complete her education. The amount and duration of the maintenance award will permit the wife to become self-supporting and, when combined with the stipulated distributive award, will permit her to maintain a standard of living comparable to that she enjoyed during the marriage (*see,* Domestic Relations Law § 236 [B] [6] [a]). Ritter, J. P., H. Miller, Feuerstein and Pru-denti, JJ., concur.