■ In the Matter of BROOKLYN HOME DIALYSIS TRAINING CENTER, INC. RICHARD L. HESSERT, Respondent-Appellant. GEOFFREY BERLYNE et al., Appellants-Respondents. [741 NYS2d 280] —In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of a closely held corporation, Geoffrey Berlyne and A. Peter Lundin appeal from a judgment of the Supreme Court, Kings County (Martin, J.), dated January 18, 2001, which, after a hearing, is in favor of the petitioner and against them in the principal sum of $450,000, and the petitioner cross-appeals from the same judgment on the ground of inadequacy.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner Richard L. Hessert, one of three partners who owned equal shares of a closely held corporation, sought the judicial dissolution of the corporation. Pursuant to Business Corporation Law § 1118 (a), the two remaining partners, the appellants Geoffrey Berlyne and A. Peter Lundin, sought to purchase the petitioner's one-third interest in the corporation and sought a judicial determination of its valuation. Following a hearing, the Supreme Court accepted the lowest of the three valuations submitted by the petitioner's expert, $3,018,643, and took one third of that figure, $1,006,214, to reflect the petitioner's one-third interest, then applied a lack of marketability discount of 22.5%, or $226,398, which brought the petitioner's share to $779,816. The trial court then applied a further discount based upon the nature and history of the business, the economic outlook of the industry, and the earning capacity of the company. Applying these factors, the trial court reduced the value of the petitioner's one-third interest in the corporation to $450,000 (*see Blake v Blake Agency,* 107 AD2d 139).

The court properly relied on the "investment value" approach as the appropriate valuation methodology for a corporation which provides a service (*see Blake v Blake Agency, supra; Matter of Fleischer,* 107 AD2d 97; *Taines v Gene Barry One Hour Photo Process,* 123 Misc 2d 529, 531). The court then properly applied a discount for lack of marketability (*see Whalen v Whalen's Moving & Stor. Co.,* 204 AD2d 468, 469; *cf. Matter of Joy Wholesale Sundries,* 125 AD2d 310, 311; *Matter of Fleischer, supra*).

The court's discount for general economic factors of the corporation, including the loss of an unlicensed operating station, the revocability of the lease, the company's failure to reuse dialyzers or sell prescription drugs, and the value of the

appellant Dr. Lundin's referrals, is supported by the record and was properly considered in valuing the petitioner's one-third interest (*see Blake v Blake Agency, supra,* citing *Matter of Fulton,* 257 NY 487). Florio, J.P., S. Miller, Schmidt and Cozier, JJ., concur.