■ CATHY B. CARNIOL, Respondent, v NORMAN CARNIOL, Appellant. [747 NYS2d 539]

The defendant's contentions that the Supreme Court erred in its calculation of his net worth and in its inclusion of certain assets and funds as marital property are without merit. Such contentions rest largely upon the Supreme Court's assessment of the defendant's credibility at trial. As the Supreme Court's determination with respect to issues of credibility should be afforded great deference on appeal (see Cohen v Cohen, 279 AD2d 599), and in consideration of the evidence in the record, we perceive no reason to disturb the Supreme Court's findings with respect to the calculation of the defendant's net worth or its classification of certain assets and funds as marital property.

The Supreme Court providently exercised its discretion in directing the defendant to name the parties' child as the sole beneficiary of his Charles Schwab IRA account and TIAA/CREF annuity and to provide a life insurance policy for the benefit of the plaintiff and the child until the child's emancipation (see Domestic Relations Law § 236 [B] [8] [a]; Grenier v Grenier, 210 AD2d 557).

The Supreme Court did err, however, in including the appreciation in value of the marital residence as marital property. The defendant purchased the home before the marriage and, as such, the home was his separate property. Since the plaintiff failed to establish that the increase in the valuation of the marital home of $250,000 was attributable to the efforts of either party, and since there is no causal connection between her contributions to the marital relationship and the appreciation of the marital home, the amount of such appreciation should be deemed separate property (see Mahlab v Mahlab, 143 AD2d 116; Shahidi v Shahidi, 129 AD2d 627, 630). Inasmuch as the marital property was erroneously overvalued by $250,000, the amount of the plaintiff's distributive award is reduced by $125,000 to $321,654.

It was also error for the Supreme Court to award the plaintiff $94,590.53 in counsel fees without first conducting a full evidentiary hearing with regard to the issue of counsel fees. Even though the relative financial positions of the parties were thoroughly examined at trial, there is no indication of how the Supreme Court arrived at the figure of $94,590.53 or whether that figure had any relationship to the plaintiff's legal bills. A hearing, therefore, is necessary as "a meaningful way of testing the [attorney's] claims relative to time and value" (Sadofsky v Sadofsky, 78 AD2d 520, 521; see Price v Price, 113 AD2d 299, 309, affd 69 NY2d 8). Further, under the circumstances of this case, the Supreme Court improvidently exercised its

discretion in directing the defendant to place in escrow with the plaintiff's counsel the sum of $180,000 as security for the payment of his obligations pursuant to the judgment.

The defendant's remaining contentions are without merit. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.