■ BARBARA ANTES, Appellant-Respondent, v RICHARD ANTES, Respondent-Appellant. [758 NYS2d 163] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Westchester County (Dillon, J.), entered March 15, 2002, which, inter alia, awarded the defendant husband a 50% share in the marital residence and the amount of $12,500 as an attorney's fee arising from litigation concerning the equitable distribution of that residence, and the defendant husband cross-appeals from stated portions of the same judgment which, among other things, awarded the plaintiff maintenance in stated sums for three years and directed him to pay outstanding fees of the court-appointed law guardian and forensic accountant.

Ordered that the judgment is modified, as a matter of discretion, by (1) deleting the provision thereof awarding the plaintiff maintenance in stated sums for three years and substituting therefor a provision awarding her maintenance in the amount of $15,000 per year for three years; and (2) deleting the provision thereof awarding the defendant $12,500 as an attorney's fee arising from litigation concerning the equitable distribution of the marital residence; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff failed to establish that she was entitled to more than a 50% share of the marital residence. The Supreme Court's determination that the down payment for the land upon which the home was built and the money and labor

expended to design and construct the house were not separate gifts to her rested largely on its assessment of the credibility of the witnesses and is afforded great weight on appeal (*see Carniol v Carniol,* 297 AD2d 697 [2002]; *Cohen v Cohen,* 279 AD2d 599 [2001]; *Lischynsky v Lischynsky,* 120 AD2d 824 [1986]; Domestic Relations Law § 236 [B] [1] [d] [1]). However, the award of an attorney's fee to the defendant of $12,500 arising from the litigation of this issue was an improvident exercise of discretion (*see* Domestic Relations Law § 237 [a]; *Krutyansky v Krutyansky,* 289 AD2d 299 [2001]).

Further, the Supreme Court improvidently exercised its discretion in fixing the amount of maintenance awarded the plaintiff (*see* Domestic Relations Law § 263 [B] [6] [a]; *Wilner v Wilner,* 192 AD2d 524 [1993]; *Loeb v Loeb,* 186 AD2d 174 [1992]). In light of the financial circumstances of both parties, including their reasonable needs and means and the preseparation standard of living, as well the defendant's present and anticipated income and the plaintiff's present and future earning capacity, an award of maintenance in the amount of $15,000 per year for three years is appropriate (*see Feldman v Feldman,* 194 AD2d 207 [1993]).

The parties' remaining contentions are without merit. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.