■ KARMENDRA S. SIDHU, Appellant, v MANDEEP K. SIDHU, Respondent. [759 NYS2d 134] —In an action for divorce and ancillary relief, the plaintiff husband appeals from stated portions of a counter-judgment of the Supreme Court, Nassau County (Jones, J.), dated February 11, 2002, which, after a nonjury trial, inter alia, directed him to pay the defendant wife maintenance in the amount of $2,000 per month for two years, failed to award him child support, awarded the defendant a distributive award of $34,058.25 for the mortgage payments made on the marital residence from marital funds and $54,572.58 from the appreciation of the value of the marital residence, less the value of certain improvements, and awarded the defendant an attorney's fee in the amount of $30,000.

Ordered that the counter-judgment is modified, on the law, by deleting from the seventeenth decretal paragraph thereof the phrase "$54,572.58 less improvements to the home in the amount of $18,662.65, for a total amount due to Defendant of $45,261.26 as a distributive award, which includes defendant's credit of $9,311.33 for home improvements paid with marital funds," and substituting therefor a provision awarding the de-

fendant a distributive award of $9,331.33, representing one half of the cost of improvements made to the marital residence paid for out of marital funds; as so modified, the counter-judgment is affirmed insofar as appealed from, without costs or disbursements.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts (see Mazzone v Mazzone, 290 AD2d 495 [2002]; Liadis v Liadis, 207 AD2d 331 [1994]). The Supreme Court properly considered all of the statutory factors, including the parties' pre-separation standard of living, and providently exercised its discretion in awarding the defendant maintenance in the amount of $2,000 per month for a period of two years. The amount and duration of the maintenance award will permit the defendant to become self-supporting.

The award of $30,000 as an attorney's fee was reasonable in light of the financial circumstances of the parties, including the distributive award to the defendant, and the Supreme Court's determination that the attorney's fee charged was excessive (see Dempster v Dempster, 236 AD2d 582 [1997]; Morton v Morton, 130 AD2d 558 [1987]).

The Supreme Court erred, however, in including the appreciation in value of the marital residence as marital property. The plaintiff purchased the home before the marriage and, as such, the home was his separate property. Since the defendant failed to establish that the increase in the valuation of the marital home of $150,000 was attributable to the efforts of either party, and since there is no causal connection between her contributions to the marital relationship and the appreciation of the marital home, the amount of such appreciation should be deemed separate property (see Mahlab v Mahlab, 143 AD2d 116 [1988]; Shahidi v Shahidi, 129 AD2d 627 [1987]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.