■ CATHY B. CARNIOL, Respondent, v NORMAN CARNIOL, Appellant. [762 NYS2d 619] —Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court,

Nassau County, entered March 26, 2001, which was determined by decision and order of this Court dated September 23, 2002 [297 AD2d 697], or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court, and cross motion by the respondent for leave to reargue the appeal.

Upon the papers filed in support of the motion and cross motion, and the papers filed in opposition thereto, it is

Ordered that the motion is denied; and it is further,

Ordered that the cross motion is granted to the extent that reargument is granted and, upon reargument, the decision and order of this Court dated September 23, 2002, is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered March 26, 2001, which, after a nonjury trial, inter alia, (1) awarded the plaintiff a distributive award of $446,754, (2) awarded the plaintiff a judgment for maintenance arrears of $69,200, (3) directed the defendant to pay maintenance of $600 per week for two years, (4) directed him to pay child support to the plaintiff in the sum of $650 per week, (5) directed him to place in escrow with the plaintiff's counsel the sum of $180,000 as security for his obligations pursuant to the judgment, (6) directed that he name the parties' child as the beneficiary of his Charles Schwab IRA account and his TIAA/CREF annuity until her emancipation, and (7) awarded the plaintiff $94,590.23 for counsel fees.

Ordered that the judgment is modified, on the law, by (1) deleting from the ninth decretal paragraph thereof the sum of $446,754 and substituting therefor the sum of $321,754, (2) deleting the tenth decretal paragraph thereof directing the defendant to place $180,000 in escrow as security for the payment of his obligations pursuant to the judgment of divorce, and (3) deleting from the twenty-second decretal paragraph thereof *the provision* awarding the plaintiff *the sum* of $94,590.23 for counsel fees *and substituting therefor a provision awarding the plaintiff the sum of $50,000*; as so modified, the judgment is affirmed insofar as appealed from, *with costs payable by the respondent to the appellant.*

The defendant's contentions that the Supreme Court erred in its calculation of his net worth and in its inclusion of certain assets and funds as marital property are without merit. Such contentions rest largely upon the Supreme Court's assessment

of the defendant's credibility at trial. As the Supreme Court's determination with respect to issues of credibility should be afforded great deference on appeal (*see Cohen v Cohen,* 279 AD2d 599 [2001]), and in consideration of the evidence in the record, we perceive no reason to disturb the Supreme Court's findings with respect to the calculation of the defendant's net worth or its classification of certain assets and funds as marital property.

The Supreme Court providently exercised its discretion in directing the defendant to name the parties' child as the sole beneficiary of his Charles Schwab IRA account and TIAA/CREF annuity and to provide a life insurance policy for the benefit of the plaintiff and the child until the child's emancipation (*see* Domestic Relations Law § 236 [B] [8] [a]; *Grenier v Grenier,* 210 AD2d 557 [1994]).

The Supreme Court did err, however, in including the appreciation in value of the marital residence as marital property. The defendant purchased the home before the marriage and, as such, the home was his separate property. Since the plaintiff failed to establish that the increase in the valuation of the marital home of $250,000 was attributable to the efforts of either party, and since there is no causal connection between her contributions to the marital relationship and the appreciation of the marital home, the amount of such appreciation should be deemed separate property (*see Mahlab v Mahlab,* 143 AD2d 116 [1988]; *Shahidi v Shahidi,* 129 AD2d 627, 630 [1987]). Inasmuch as the marital property was erroneously overvalued by $250,000, the amount of the plaintiff's distributive award is reduced by $125,000 to $321,654.

*The Supreme Court awarded the plaintiff $94,590.23 in counsel fees. However, in view of the fact that the plaintiff holds a Master's degree in business and is capable of being self-supporting, and in view of the distributive award which she will receive, we conclude that the award of counsel fees was excessive to the extent indicated.* Further, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in directing the defendant to place in escrow with the plaintiff's counsel the sum of $180,000 as security for the payment of his obligations pursuant to the judgment.

The defendant's remaining contentions are without merit. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.