■ CHI-YUAN HWANG, Appellant, v HELEN HWANG, Respondent. [764 NYS2d 879] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Corrado, JHO), dated November 5, 2001, as, after a nonjury trial, awarded the defendant a lump sum of $378,000 representing one half the value of his law license and practice, imputed $211,271.50 per year in gross earnings to him for the purposes of computing child support, and awarded her an attorney's fee in the sum of $24,000.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provision thereof awarding the defendant an attorney's fee in the sum of $24,000; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs to the defendant.

The plaintiff has not demonstrated that his law license and law practice were improperly evaluated as separate assets, or that the value assigned to his license overlaps with the value assigned to his practice (*see McSparron v McSparron,* 87 NY2d

275, 286 [1995]). Furthermore, the Supreme Court providently exercised its discretion in awarding the defendant one half the value of the plaintiff's license and practice in the form of a lump sum.

The plaintiff's contention that the Supreme Court erroneously imputed income to him for the purpose of calculating child support is without merit. In determining a party's child support obligation, "a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Rocanello v Rocanello,* 254 AD2d 269 [1998]). This is particularly true where, as here, the record supports a finding that the plaintiff's reported income on his tax return is suspect (*see Ivani v Ivani,* 303 AD2d 639 [2003]; *Matter of Graves v Smith,* 284 AD2d 332, 333 [2001]). The Supreme Court properly imputed an annual income of $211,271.50 to the plaintiff based on his own testimony, the facts adduced at trial, and the testimony of the expert who valued the plaintiff's practice on behalf of the defendant.

The Supreme Court, however, improvidently awarded the defendant an attorney's fee in the sum of $24,000, as such award is not supported by the record in the absence of a hearing or any affirmation of services (*see Carniol v Carniol,* 297 AD2d 697, 698 [2002]; *Gutin v Gutin,* 155 AD2d 586, 587 [1989]), and in any event the equities of this case dictate that each party pay his or her own attorney's fee (*see Matter of Mullen v Just,* 288 AD2d 476, 477 [2001], *lv denied* 97 NY2d 613 [2002], *cert denied* 537 US 820 [2002]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.