■ JUDY WORTMAN, Respondent, v WILLIAM J. WORTMAN, Appellant. [783 NYS2d 631]—

Motion by the respondent for resettlement and clarification of a decision and order of this Court dated September 15, 2003 [308 AD2d 486], which determined an appeal from an order of the Supreme Court, Nassau County, entered December 24, 2001.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the decision and order dated September 15, 2003, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Stack, J.), entered December 24, 2001, which, after a nonjury trial, inter alia, (a) awarded the plaintiff wife maintenance of $20,000 per month for a period of five years, and $15,000 per month for a period of four years thereafter, (b) directed him to pay the college expenses of the parties' daughter, (c) awarded the plaintiff wife the parties' investment account at Sanford C. Bernstein & Co., LLC, and (d) included the cash surrender value of certain life insurance policies owned by an insurance trust in the distributive award.

Ordered that the judgment is modified, on the law, by adding a provision thereto directing that the amounts the defendant husband is required to pay for the college expenses of the parties' daughter which are duplicative of basic child support while the child lives away from home shall be deducted from his child support obligation; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff wife.

The parties were married in 1981 and have one child, a daughter who is now 17 years old. The defendant husband is a highly successful physician who earns well over $1,000,000 per year as a partner in a radiology group. Although the plaintiff wife was employed during the early years of the parties' marriage, she stopped working in 1983, and has not been employed outside of the home since that time.

On appeal, the defendant contends that the Supreme Court improperly awarded the plaintiff maintenance for a nine-year duration because she is capable of becoming self-supporting in a shorter period of time. However, it is well settled that the amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts (*see McCully v McCully*, 306 AD2d 329 [2003]; *Sidhu v Sidhu*, 304 AD2d 816, 817 [2003]; *Chalif v Chalif*, 298 AD2d 348 [2002]; *Mazzone v Mazzone*, 290 AD2d 495 [2002]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Unterreiner v Unterreiner*, 288 AD2d 463 [2001] [internal quotation marks omitted]; *Poli v Poli*, 286 AD2d 720, 723 [2001]; *Kret v Kret*, 222 AD2d 412 [1995]). Taking these factors into consideration, the Supreme Court providently exercised its discretion in granting the plaintiff, who has been out of the work force for over 20 years, maintenance for a nine-year duration (*see Chalif v Chalif*, *supra; Unterreiner v Unterreiner*, *supra; Sheridan v Sperber*, 269 AD2d 439 [2000]).

Furthermore, the Supreme Court correctly awarded the parties' investment account at Sanford C. Bernstein & Co., LLC, to the plaintiff. Although the defendant claimed that the funds in this account were "earmarked" to pay the college expenses of the parties' daughter, the Supreme Court found his testimony regarding financial matters to be less than credible, and the Supreme Court's assessment of the credibility of witnesses is entitled to great weight on appeal (*see Antes v Antes*, 304 AD2d 597 [2003]; *Carniol v Carniol*, 297 AD2d 697 [2002]). Moreover, while the parties maintained five custodial accounts for their daughter pursuant to the Uniform Gift to Minors Act, the subject account was held jointly by them during their marriage, and was not an educational account. In addition, we reject the

defendant's claim that the cash surrender value of certain life insurance policies should not have been included in the distributive award because those polices are held in a trust and are unavailable to him. Although the subject policies were placed in an insurance trust, the trust agreement does not preclude the plaintiff, as trustee, from effectuating this aspect of the distributive award by transferring control and ownership of the trust assets to the husband (*see Galachiuk v Galachiuk,* 262 AD2d 1026 [1999]).

Under the circumstances of this case, we also find that the Supreme Court properly directed the defendant to pay all of the college expenses for the parties' daughter (*see Matter of Cassano v Cassano,* 85 NY2d 649 [1995]; *Jablonski v Jablonski,* 275 AD2d 692, 693 [2000]; *Vainchenker v Vainchenker,* 242 AD2d 620, 622 [1997]). However, since the defendant is required to pay all college-related expenses, including room and board, the Supreme Court should have given him a credit against his child support obligation for any amounts he pays for college expenses which are duplicative of basic child support during those periods when the child may live away from home (*see Saslow v Saslow,* 305 AD2d 487, 489 [2003]; *Jablonski v Jablonski, supra; Sheridan v Sperber, supra; Vainchenker v Vainchenker, supra; Litwack v Litwack,* 237 AD2d 580, 581-582 [1997]).

We note that the defendant also purports to appeal from an award to the plaintiff of an accountant's fee in the sum of $13,000. However, the judgment contains no decretal paragraph awarding the plaintiff such an accountant's fee. While the Supreme Court issued a decision on July 24, 2001, which concluded that the plaintiff was entitled to an accountant's fee, and directed the parties to settle judgment on notice, there is no indication in the record that a second judgment incorporating this award was entered. Accordingly, we do not reach this issue.

The defendant's remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Cozier, JJ., concur.