■ ABRAM LIEBERMAN, Appellant, v LISA LIEBERMAN, Respondent. [801 NYS2d 382]—

In a matrimonial action in which the parties were divorced by judgment dated April 29, 2003, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Marks, J.H.O.), dated December 17, 2003, which, after a hearing, inter alia, (1) denied that branch of his motion which was to modify the judgment of divorce to eliminate or reduce his obligation to pay maintenance, (2) granted

that branch of his motion which was for an award of child support only to the extent of directing the defendant to pay child support in the sum of $216 per month effective January 2, 2004, and (3) granted that branch of the defendant's cross motion which was for maintenance arrears in the sum of $5,250.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of his motion which was to eliminate or reduce his obligation to pay his former wife maintenance. Although the plaintiff claimed that his income had substantially decreased due to a work-related injury, the court did not credit his assertion that this alleged decrease was involuntary. Since the court had the opportunity to view the demeanor of the witnesses at the hearing, it was in the best position to gauge their credibility, and its resolution of credibility issues is entitled to great deference on appeal (*see Matter of Sosa v Sosa*, 13 AD3d 638 [2004]; *Koeth v Koeth*, 309 AD2d 786 [2003]; *Carniol v Carniol*, 306 AD2d 366 [2003]; *Blankenship v Kerr*, 225 AD2d 645 [1996]). Upon our review of the record, we perceive no reason to disturb the court's findings that the decrease in the plaintiff's income was voluntary and that he remained capable of earning $100,000 per year (*see Chi-Yuan Hwang v Hwang*, 308 AD2d 560 [2003]; *Costello v Costello*, 304 AD2d 517 [2003]). We also note that the parties' judgment awarded the defendant, who was not employed at the time of the divorce, maintenance for a period of only three years, and the fact that she was still unemployed less than one year after the divorce did not provide a basis for elimination or reduction of the plaintiff's maintenance obligation.

Furthermore, the amount of child support which the court awarded to the plaintiff was not an improvident exercise of discretion under the circumstances of this case (*see* Domestic Relations Law § 240 [1-b] [a], [f]; *Blankenship v Kerr, supra*).

The plaintiff's remaining contentions are without merit. Adams, J.P., Krausman, Spolzino and Fisher, JJ., concur.