■ MARA APPEL, Appellant-Respondent, v MARVIN APPEL, Respondent-Appellant. [864 NYS2d 92]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Balkin, J.), dated July 11, 2006, which, upon a decision of the same court dated February 7, 2006, made after a nonjury trial, inter alia, awarded her spousal maintenance for a duration of only five years, provided for a de novo determination of child support upon the termination of spousal maintenance, in effect, denied her prejudgment and postjudgment interest on the distributive award, awarded her an attorney's fee in the sum of only $118,424, and declined to award her expert fees, and the defen-

dant cross-appeals, as limited by his brief, from so much of the same judgment as calculated the award of child support based upon the full amount of combined parental income over $80,000.

Ordered that the judgment is modified, on the law, (1) by deleting from the second subdivision of the ninth decretal paragraph thereof the language, "or the appropriate sum after the actual amount of income he and the plaintiff shall be making at that time," (2) by deleting from the ninth subdivision of the eighteenth decretal paragraph thereof the language, "or the appropriate sum after the actual amount of income defendant and plaintiff shall be making at that time after the termination of maintenance," and (3) by adding a provision thereto awarding the plaintiff interest on the distributive award of $414,835 at the statutory rate pursuant to CPLR 5004 from the date of the decision on February 7, 2006; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The amount and duration of maintenance are matters for the sound discretion of the trial court (*see Sidhu v Sidhu,* 304 AD2d 816 [2003]; *Mazzone v Mazzone,* 290 AD2d 495 [2002]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Unterreiner v Unterreiner,* 288 AD2d 463 [2001] [internal quotation marks omitted]).

A high standard of living during the marriage is a factor to be considered in determining the appropriate amount and duration of maintenance (*see Hartog v Hartog,* 85 NY2d 36, 50-51 [1995]); however, that in itself does not guarantee "per se entitlement to an award of lifetime maintenance" (*Chalif v Chalif,* 298 AD2d 348, 348 [2002]). The court must consider the reasonable needs of the recipient spouse in light of the other statutory factors (*see Griggs v Griggs,* 44 AD3d 710 [2007]; *Fridman v Fridman,* 301 AD2d 567 [2003]; *Chalif v Chalif,* 298 AD2d 348 [2002]).

The plaintiff did not work outside the home during the marriage but dedicated herself to the care of the parties' children and the household. However, in light of the fact that she was 43 years old and in relatively good health at the time of the trial, the parties' three children were in school full time, and she has

a nursing degree, the award of maintenance in the amount of $10,000 per month for a duration of five years was a proper exercise of the trial court's discretion (*see Walter v Walter,* 38 AD3d 763 [2007]; *Wortman v Wortman,* 11 AD3d 604 [2004]; *Ventimiglia v Ventimiglia,* 307 AD2d 993 [2003]).

With respect to child support, the evidence proffered at trial supported the court's decision to impute income to the plaintiff for the purpose of computing child support (*see Rand v Rand,* 29 AD3d 976 [2006]; *Kalish v Kalish,* 289 AD2d 202 [2001]). Moreover, the court sufficiently set forth the factors it relied upon (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]; *Matter of Cassano v Cassano,* 85 NY2d 649, 655 [1995]; *Sutka v Sutka,* 299 AD2d 540 [2002]; *Mellen v Mellen,* 260 AD2d 609, 610 [1999]) in applying the statutory percentages to the full amount of combined parental income (*see Costa v Costa,* 46 AD3d 495 [2007]; *Anonymous v Anonymous,* 286 AD2d 585 [2001]).

Contrary to the plaintiff's contention, the court recalculated and specified the amount of child support to be paid upon the termination of spousal maintenance. However, in doing so, the court improperly included inconsistent language in the judgment indicating that, upon the termination of maintenance, child support could be calculated de novo based on the income earned by the respective parties at that time. The judgment is modified to delete that inconsistent language.

The trial court properly directed the defendant to pay 90% of the expenses of child care, education, extracurricular activities and nonreimbursed medical and dental expenses of the children (*see* Domestic Relations Law § 240 [1-b] [c]) as well as the total cost of certain therapy for the children pursuant to a stipulation between the parties.

The court properly exercised its discretion in determining the value of marital property, including jewelry and automobiles, based upon, inter alia, the parties' stated values (*see Spilman-Conklin v Conklin,* 11 AD3d 798 [2004]; *Felicello v Felicello,* 240 AD2d 625 [1997]) and the stipulations between the parties. However, the plaintiff was entitled to interest on her distributive award of $414,835 from the date of the decision (*see* CPLR 5002; *Bartek v Draper,* 309 AD2d 825 [2003]; *Haymes v Haymes,* 298 AD2d 117 [2002]; *Gold v Gold,* 276 AD2d 590 [2000]).

Under the circumstances of this case, the award of counsel fees, and the denial of an award for expert fees, were provident exercises of discretion (*see* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881 [1987]; *Miklos v Miklos,* 21 AD3d 353 [2005]; *Gagstetter v Gagstetter,* 283 AD2d 393 [2001]).

The parties' remaining contentions are without merit. Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.