■ NANCY INTRATOR, Respondent, v RICHARD INTRATOR, Appellant. [929 NYS2d 587]—

Plaintiff and defendant were married in September 1974 and have two children. Prior to the marriage, plaintiff received a Bachelor's degree and during the marriage, she obtained a Master's degree in business administration. Defendant received a Bachelor of Science degree prior to the marriage and obtained a Master's in business administration after the parties were married. During the marriage, defendant earned a substantial income. Plaintiff was employed full-time during the first several years of the marriage, but thereafter worked part-time or on a freelance basis, earning significantly less than defendant.

In April 2003, plaintiff commenced this action for divorce. The parties thereafter entered into a stipulation as to child support and custody, and left issues relating to, inter alia, equitable distribution and maintenance for the court. At the time of the trial on these issues, defendant was not employed.

In a decision after trial, dated May 12, 2005, the court found that defendant was "an accomplished financial consultant and investment banker . . . and has an earnings ability, no less than $350,000 per year." A judgment of divorce was entered on August 10, 2005, directing defendant to pay, inter alia: maintenance of $5,000 per month until he turned 60, at which time payments were to be reduced to $3,500 per month; half the proceeds of the sale of a boat, if sold, or half of the net equity if not sold; and $2,500 per month for child support.

In September 2007, after defendant failed to satisfy a money judgment relating to equitable distribution of the boat, plaintiff moved to recover related arrears and hold defendant in contempt for failing to make the boat payment. By so-ordered stipulation, dated November 15, 2007 (the stipulation), the parties reached an agreement, as "an accommodation to defendant," but "not to absolve him of, or to modify, his obligations under the Judgment of Divorce."

In the stipulation, defendant agreed that plaintiff was entitled to a judgment in the amount of $131,000 (the settlement amount) and that he would "use his best efforts to earn the moneys necessary to pay down the . . . Settlement Amount as quickly as possible, and . . . get and stay current with . . . his ongoing financial obligations under the . . . Judgment of Divorce." In addition, defendant agreed that, at a minimum, he would "endeavor in good faith to continue to pay plaintiff no less than $2,500 per month, which is his base child support obligation." He also "agree[d] in good faith to apply as much of his cash flow as possible toward the payment of all amounts due plaintiff as quickly as possible." .

We find no grounds to disturb the court's determination that

defendant failed to use his best efforts and act in good faith to meet his obligations under the judgment of divorce. The court's determination rested largely on its assessment of the credibility of the witnesses, which is afforded great weight on appeal (*Antes v Antes*, 304 AD2d 597, 597-598 [2003]). Defendant's insistence that the stipulation required the court to first consider his "actual earnings" is unsupported and it ignores the court's finding, based on defendant's lack of credibility, that his actual earnings could not be determined. Notably, the court considered that after the parties entered into the stipulation, defendant was gainfully employed, earning approximately $20,000 per month, yet during that time, he met only his child support obligations, failing to comply with his obligations to plaintiff. Additionally, the court found that after this employment ended, it was "almost impossible to tell . . . [h]ow much [defendant] earn[ed]."

Although the stipulation provides that plaintiff waived "her right to seek to have defendant held in contempt of court by reason of his failure to make" a payment related to the equitable distribution of the boat, her subsequent application seeking to hold defendant in contempt for, inter alia, failing "to sell the [b]oat," was not barred by the stipulation nor was it rendered frivolous by the court's prior finding that the boat had been sold based on the subsequent discovery that defendant still held title to the boat.

We have considered defendant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.