■ CARMINE A. DAMATO, Appellant, v JOSEPHINE DAMATO, Respondent. [626 NYS2d 221] —In an action for divorce and ancillary relief, the husband appeals from stated portions of a judgment of the Supreme Court, Nassau County (Segal, J.), entered April 26, 1993, which, inter alia, after a nonjury trial, ordered him to pay the wife (1) maintenance in the amount of $325 per week for two years and $275 per week thereafter until the death of either party, the remarriage of the wife, or the wife attaining the age of 65, whichever occurs first, and (2) equitable distribution of one-half of the amount that was in a joint bank account as of the date of the commencement of the divorce action.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The husband contends that the court erred in awarding maintenance to the wife, who was 54 years old at the time of trial in 1992, for a period of time that would expire, at the maximum, upon her reaching the age of 65. We disagree. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (see, Loeb v Loeb, 186 AD2d 174; Petrie v Petrie, 124 AD2d 449). The Court of Appeals has recently stated that the trial court must "con-

sider the payee spouse's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors, and then, in [its] discretion, fashion a fair and equitable maintenance award accordingly *(see,* Domestic Relations Law § 236 [B] [6] [a] [1]-[11])" *(Hartog v Hartog,* 85 NY2d 36, 52).

The evidence supports the court's finding that there was a great disparity between the husband's and the wife's income and that the husband's income was significantly supplemented by his parents. The wife's age, limited education, and limited skills further justify the amount and duration of maintenance *(see also, Behan v Behan,* 163 AD2d 505; *Anglin v Anglin,* 148 AD2d 833).

The evidence also supports the court's finding that approximately $40,000 was given by the husband's parents as a gift to both parties and not, as the husband asserts, as a gift solely for the use of the parties' two sons. The money was placed in a joint account in both parties' names when it easily could have been placed in existing trust accounts for the boys, and it was not disturbed until after the onset of marital difficulties when the husband removed the funds without the knowledge or consent of the wife. The husband's assertion that he utilized the money to pay for his sons' expenses was properly found to be disingenuous given the lack of evidence to support this assertion and the overwhelming evidence that the money was given to both parties in keeping with the generosity exhibited toward the parties by the husband's parents throughout their marriage. As such, the court properly found that the gift was a marital asset subject to equitable distribution *(see, Ackley v Ackley,* 100 AD2d 153). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.