(January 13, 1998)

■ LOIS RECUPPIO, Appellant, v JOSEPH RECUPPIO, Respondent. [667 NYS2d 365] —Judgment, Supreme Court, Bronx

County (Irene Duffy, J.), entered on or about February 5, 1996, which, to the extent appealed from, directed defendant to pay spousal maintenance in the amount of $175 per week for a period of five years at which time the matter would be reviewed, awarded plaintiff the marital residence and no rights in defendant's pension, calculated child support as 17.5% of defendant's net salary as per his 1994 tax returns, and directed defendant to pay plaintiff's counsel $3,500 for legal fees, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent that spousal maintenance is increased to $350 per week until such time as plaintiff remarries or defendant dies, child support is increased to $212 per week and a money judgment entered against defendant for arrears in the amount of $237 per month commencing September 1, 1995 to the date of this order, defendant is directed to maintain health and medical insurance coverage for the benefit of the infant Nicholas Recuppio, until he is emancipated, and to reimburse any deductibles and reasonable uncovered expenses therefore, defendant is directed to maintain life insurance policies for the benefit of the infant Nicholas Recuppio in the amount of $50,000, until he is emancipated, and for the benefit of plaintiff in the amount of $100,000, and otherwise affirmed, without costs.

While a review of the Hearing Officer's decision indicates that the relevant factors for determining maintenance set forth in Domestic Relations Law § 236 (B) (6) (a) were considered, in our view, under the circumstances, the $175 per week award for spousal maintenance was exceptionally low and warrants a substantial increase as well as permanent status. The court's award fell well below plaintiff's monthly expenses for bare necessities, which exceed $1,300 per month, not to mention the award's falling below the marital standard of living— defendant's gross income in 1994 was $72,574. The award should have been permanent, since the record is devoid of any basis for assuming that plaintiff might become financially self-sufficient in the foreseeable future (*see, Zelnik v Zelnik*, 169 AD2d 317). Plaintiff is 50 years old, with a high school education, is partially disabled, suffers from depression and asthma and was a homemaker for the last 22 years of the 25-year marriage.

As for the equitable distribution of the marital assets, we find the result here to be fair, especially in light of our modification of the maintenance award (*see, Jolis v Jolis*, 111 Misc 2d 965, *affd* 98 AD2d 692). Plaintiff, given several options as to the division of the marital assets the value of which had been

determined at trial, chose to receive sole title to the marital home plus $2,500 cash, which represents approximately 50% of said assets. Contrary to her contention, her half is essentially no less liquid than that of her husband, which largely consists of retirement savings and a pension plan that would be subject to penalties and taxes if prematurely withdrawn.

We find that the IAS Court erred in arriving at its child support award in that it failed to comply with the dictates of Domestic Relations Law § 240 (1-b) (b) (3), which state that such award, for one child, be in the amount of 17% of the combined parental income. "Income" is defined as gross income, i.e., that which should have been reported on the most recent Federal income tax return, less FICA, New York City income tax, and Medicare withholdings. Applying this formulation here would result in a gross income of $65,061 and a child support obligation of $11,060 per year or $921 per month, an increase of $237 per month over the court's award. Thus, in order to remedy the court's error, this increase must be implemented both retroactively, to the date of the court's judgment, and prospectively.

The IAS Court further erred in failing to direct, in its final order, that defendant be responsible for maintaining health and medical insurance coverage and for reimbursement of deductibles and reasonable uncovered health expenses for his son, Nicholas Recuppio, until he is emancipated. Such direction is mandated by Domestic Relations Law § 240 (1) and (1-b) (c) (5) where, as here, defendant is provided with family health care by his employer. It should be noted that defendant was already providing the coverage voluntarily.

The court should have also directed an obligation on defendant's part to provide life insurance coverage for Nicholas, until he is emancipated, and for plaintiff. As with the health insurance, defendant had voluntarily assumed such obligation to Nicholas. However, despite the extent of his support obligation to plaintiff, he had undertaken no life insurance coverage for her. Such protection is clearly warranted by the circumstances herein and is consistent with Domestic Relations Law § 236 (B) (8) (a) (see, Hartog v Hartog, 85 NY2d 36). It is our view that coverage in the amount of $100,000 is appropriate for plaintiff and that $50,000 is appropriate for Nicholas.

Finally, despite some obstructiveness on defendant's part during these proceedings, we find the counsel fee award to be fair, given the financial circumstances of the parties. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.