■ GEORGI O'SULLIVAN, Respondent, v GEARIOD O'SULLIVAN, Appellant. [723 NYS2d 397] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (McCarty, J.), entered May 17, 1999, which, *inter alia*, (1) granted the plaintiff maintenance in the sum of $175 per week until the parties' son reaches the age of 18, (2) awarded the plaintiff child support in the sum of $261.54 per week, and (3) directed him to pay as additional maintenance the difference between the rental income and mortgage payments on the marital residence. By decision and order dated May 1, 2000 [272 AD2d 309] this Court remitted the matter to the Supreme Court, Nassau County, to set forth the factors considered and the reasons for its determination of the defendant's income, and to clarify the provision directing him to pay the difference between the rental income and mortgage payments on the marital residence, and the appeal was held in abeyance in the interim. The Supreme Court has filed its report.

Ordered that the judgment is modified by (1) deleting from the third decretal paragraph thereof the sums of $13,600 and $261.54 and substituting therefor the sums of $13,582.92 and $261.21, respectively, and (2) deleting the fourteenth decretal paragraph thereof directing the defendant to pay, as additional maintenance, the difference between the rental income and mortgage payments on the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"The court may order maintenance in such amount as justice requires considering, *inter alia*, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412). In this marriage lasting approximately nine years, the court ordered the appellant to pay maintenance to the plaintiff until the parties' son reached the age of 18, a period of seven years. The court noted that the appellant could build his business as an independent trucker, while the plaintiff, a licensed beautician, had a reduced earning capacity due to her care of the parties' disabled son. Under these circumstances, the maintenance award is proper.

The award of additional maintenance directing the appellant to pay the difference between income received by the plaintiff from renting apartments in the marital residence and the mortgage payment is open-ended and improper (*see, Chasnov v Chasnov,* 131 AD2d 624). In any event, the Supreme Court found that, at present, the rental income exceeds the mortgage payment. Accordingly, the provision of the judgment which directs payment of this additional maintenance is deleted.

The Supreme Court erred in failing to reduce the appellant's gross income by the amount of maintenance he paid (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C], [G], [H]). On remittitur, the Supreme Court made the appropriate reduction. As a result, the Supreme Court properly determined that the appellant's child support obligation should be reduced from $261.54 per week to $261.21 per week. The judgment is modified accordingly.

The appellant's remaining contentions are without merit. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.