■ COLLEEN F. MAYER, as Trustee on Behalf of ALANNA MAYER and Another, Appellant, v KRISTEN M. MAYER et al., Respondents, et al., Defendants. [37 NYS3d 145]—

In an action, inter alia, to impose a constructive trust, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Orange County (Onofry, J.), dated May 9, 2013, as granted that branch of her motion which was for summary judgment on the cause of action to impose a constructive trust only to the extent of imposing the trust upon proceeds of certain life insurance policies sufficient to satisfy her former husband's child support and educational expense

obligations, and (2) an order of the same court dated April 7, 2014, as, upon reargument, granted that branch of the motion of the defendant Kristen M. Mayer which was to reduce the value of the constructive trust by the proceeds the plaintiff received from a certain $100,000 life insurance policy, granted the motion of the defendants New York Life Insurance Company and New York Life Insurance and Annuity Corporation for summary judgment dismissing the amended complaint insofar as asserted against them, and adhered to its prior determination in the order dated May 9, 2013, with respect to that branch of her motion which was for summary judgment on the cause of action to impose a constructive trust.

Ordered that the appeal from the order dated May 9, 2013, is dismissed, as that order was superseded by the order dated April 7, 2014, made upon reargument; and it is further,

Ordered that the order dated April 7, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff was the second wife of Paul S. Mayer (hereinafter the father). They were divorced by a judgment dated October 23, 2000. Pursuant to the judgment of divorce, the father was, among other things, obligated to pay child support and educational expenses for the children of that marriage, Alanna and Matthew. The judgment of divorce also provided that the father was to maintain a term life insurance policy in the face amount of $1,000,000 for the benefit of Alanna and Matthew, with the plaintiff being named as trustee on their behalf, "until such time as his support obligation is fully satisfied."

In 2001, the father married the defendant Kristen M. Mayer (hereinafter Kristen). The father and Kristen had two children, Jonah and Ryan.

In 2005, due to the father's claimed inability to pay the premiums on the $1,000,000 policy required under the judgment of divorce, the policy was converted into two policies insuring his life, both of which were issued by the defendant New York Life Insurance and Annuity Corporation (hereinafter NYLIAC). One policy, with a face amount of $200,000 (hereinafter the $200,000 NYLIAC policy), listed the father as the owner and the plaintiff as the beneficiary. The other policy, with a face amount of $100,000 (hereinafter the $100,000 NYLIAC policy), listed the plaintiff as both the owner and the beneficiary. The plaintiff paid the premiums on the $100,000 NYLIAC policy.

In 2006, the plaintiff moved in the Family Court to have the father held in contempt for, among other things, failing to maintain the $1,000,000 policy required by the judgment of divorce. In an order entered May 12, 2006, the Family Court found the father to be in contempt and directed him to comply with the life insurance provision of the judgment of divorce. In this respect, there was evidence that the father could not obtain a new policy in the amount of $1,000,000 because of ill health. There also was evidence, however, that in addition to the $100,000 and $200,000 NYLIAC policies, the father maintained other life insurance policies totaling $750,000. Those additional policies listed various beneficiaries: Kristen, Jonah, and Ryan; Alanna and Matthew; and the two children of the father's first marriage, Scott and Jonathan. Accordingly, the Family Court's order provided that if the father could not obtain a $1,000,000 policy, he would be required to change the beneficiaries on those other policies to name Alanna and Matthew as the sole beneficiaries.

The father died in March 2011, five years after the Family Court held him in contempt. When he died, he was significantly in arrears in the support he was obligated to pay with respect to Alanna and Matthew. Additionally, the plaintiff discovered that the father had failed to comply with the directive in the Family Court's May 2006 order that he either maintain a $1,000,000 policy for the benefit of Alanna and Matthew or that he change the beneficiaries of his existing policies (other than the two NYLIAC policies) to Alanna and Matthew as sole beneficiaries. The plaintiff also discovered that in 2010 the father had changed the beneficiary on the $200,000 NYLIAC policy. Specifically, he had removed the plaintiff as beneficiary and named as beneficiaries Kristen (60%), Jonah (5%), and Ryan (5%); Alanna (5%) and Matthew (5%); and Scott (10%) and Jonathan (10%).

In 2012, the plaintiff commenced this action, inter alia, to impose a constructive trust upon the proceeds of certain life insurance policies that insured the life of the father. The plaintiff alleged that the proper amount of the constructive trust was the face amount of the insurance policy required under the judgment of divorce, $1,000,000, minus the proceeds Alanna and Matthew had received from the father's various policies. Thus, she requested the imposition of a constructive trust upon insurance proceeds in the amount of approximately $897,900 received by Kristen, Jonah, and Ryan, whom she named as defendants. The plaintiff also asserted causes of action against NYLIAC and the defendant New York Life Insur-

ance Company (hereinafter together the New York Life defendants) to recover damages for breach of contract and negligence in allowing the father to replace her as the beneficiary of the $200,000 NYLIAC policy.

Following discovery, the New York Life defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them, and the plaintiff moved for summary judgment on the amended complaint. In her affidavit in support of her motion, the plaintiff reduced the amount of the insurance proceeds she alleged were subject to the constructive trust. Specifically, from the amount she asserted in her amended complaint, she subtracted the proceeds she received from the $100,000 NYLIAC policy. Accordingly, the plaintiff sought to impose a constructive trust upon insurance proceeds in the amount of approximately $797,600. Kristen, on behalf of herself and Jonah and Ryan, cross-moved for summary judgment dismissing the amended complaint insofar as asserted against her.

In an order dated May 9, 2013, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to impose a constructive trust to the extent of imposing a trust upon some of the proceeds of the life insurance policies on the father's life. The court rejected the plaintiff's contention that the amount of proceeds subject to the constructive trust should be approximately $797,600. Instead, the court determined that the proper amount of the proceeds subject to the trust should be equal to the father's child support and educational expense obligations under the judgment of divorce and what he would have been required to pay had he lived. The court also determined that the trust amount would not be reduced by the proceeds the plaintiff had received under the $100,000 NYLIAC policy. Further, the court concluded that issues of fact remained as to the actual amount of the father's support obligations under the judgment of divorce. The court denied the remaining branches of the plaintiff's motion, denied the New York Life defendants' motion for summary judgment, and denied Kristen's cross motion for summary judgment.

The plaintiff, the New York Life defendants, and Kristen all moved for leave to reargue or renew aspects of the motions and cross motion. Notably, Kristen only argued that the amount placed in constructive trust should have been reduced by the amount the plaintiff had received under the $100,000 NYLIAC policy. Kristen did not contend that the imposition of a constructive trust was improper in the first place, and she did

not seek reargument of her cross motion for summary judgment. The New York Life defendants noted that their maximum liability under the amended complaint was the face amount of the $200,000 NYLIAC policy, they had paid the amount of that policy, and the parties had stipulated that the proceeds from that policy were identifiable in a certain investment account upon which the court had imposed a constructive trust. Moreover, the parties had agreed that the amount of that policy would not be withdrawn or otherwise alienated. The plaintiff contended, based on the original allegations in her amended complaint, that the amount of the insurance proceeds to be placed in constructive trust should be approximately $897,000, without any reduction of the amount of proceeds she received under the $100,000 NYLIAC policy.

In an order dated April 7, 2014, the Supreme Court granted reargument. Upon reargument, the court adhered to so much of its prior determination as imposed a constructive trust upon the proceeds of certain life insurance policies insuring the father's life in an amount equal to the father's child support and educational expense obligations under the judgment of divorce, including the amounts for which he would have been responsible had he lived. The court concluded that the life insurance provision in the judgment of divorce was intended to ensure that Alanna and Matthew's support and educational expenses would be paid in the event of the father's death; it was not intended as a stand-alone entitlement. Next, the court agreed with Kristen that the proceeds the plaintiff received from the $100,000 NYLIAC policy should be taken into account in determining the amount of insurance proceeds subject to the constructive trust, to the extent that the proceeds from the $100,000 NYLIAC policy would be applied ratably with the proceeds of the father's other policies to satisfy his child support and educational expense obligations. The court determined, however, that the plaintiff was entitled to a credit for the premiums she had paid to implement and maintain the $100,000 NYLIAC policy. Finally, the court vacated its prior determination denying the New York Life defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them and granted that motion. The court reasoned that the amounts available under the constructive trust, including the protected proceeds of the $200,000 NYLIAC policy, far exceeded the amount the plaintiff claimed the father was in arrears on his support obligations. The plaintiff appeals.

A party's obligation to pay maintenance and child support

terminates upon that party's death (see Domestic Relations Law § 236 [B] [1] [a]; [5-a] [g]; [6] [f] [3]). An exception to the general rule—when the parties have agreed that the obligations will survive the payor spouse's death—is not applicable here because the plaintiff and the father did not agree that the father's child support obligations would continue past his death.

The death of a payor spouse, however, may cause financial injury to a former spouse or children who, but for the payor spouse's death, would have continued to receive maintenance, a distributive award, or child support. Accordingly, the Legislature has provided that a court may require a payor spouse to maintain life insurance to prevent that financial injury: "The court may also order a party to purchase, maintain or assign a policy of accident insurance or insurance on the life of either spouse, and to designate in the case of life insurance, either spouse or children of the marriage, or in the case of accident insurance, the insured spouse as irrevocable beneficiaries during a period of time fixed by the court. The obligation to provide such insurance shall cease upon the termination of the spouse's duty to provide maintenance, child support or a distributive award" (Domestic Relations Law § 236 [B] [8] [a]). The purpose of this provision is not to provide an alternative award of maintenance or child support, but solely to ensure that the spouse or children will receive the economic support for payments that would have been due had the payor spouse survived (see Hartog v Hartog, 85 NY2d 36, 50 [1995]; Alan D. Scheinkman, New York Law of Domestic Relations § 16:40 at 1093 [2d ed 11 West's NY Prac Series 2009]). Accordingly, where life insurance is appropriate, it should be set in an amount sufficient to achieve that purpose (see Hartog v Hartog, 85 NY2d at 50; D'Iorio v D'Iorio, 135 AD3d 693, 697 [2016]; Cohen v Cohen, 120 AD3d 1060, 1066 [2014]; Gay v Gay, 118 AD3d 1331, 1334 [2014]; Matter of Moran v Grillo, 44 AD3d 859, 861 [2007]; Corless v Corless, 18 AD3d 493, 494 [2005]; Recuppio v Recuppio, 246 AD2d 342, 344 [1998]). It should not be in an amount that would provide a windfall (see Siskind v Siskind, 89 AD3d 832, 834 [2011]; Jayaram v Jayaram, 62 AD3d 951, 954 [2009]; Matter of Anonymous v Anonymous, 31 AD3d 955, 957 [2006]).

Here, the Supreme Court correctly interpreted Domestic Relations Law § 236 (B) (8) (a) in determining that the amount of the insurance proceeds subject to the constructive trust should be the amount of the father's child support and educational expense obligations had he lived. The court

properly rejected the plaintiff's contention that the proceeds subject to the trust should equal the face amount of the life insurance policy required under the judgment of divorce, $1,000,000, minus the life insurance proceeds Alanna and Matthew had received (*see Holterman v Holterman*, 307 AD2d 442, 442-443 [2003], *affd* 3 NY3d 1 [2004]). Additionally, the court did not err in determining that the proceeds of the $100,000 NYLIAC policy, reduced by the premiums the plaintiff paid on that policy, should be taken into account ratably in determining the amount of the constructive trust. The purpose of the $100,000 NYLIAC policy was to ensure that the father's death would not cause economic injury to Alanna and Matthew in the form of the loss of their support and payment of their educational expenses (*see Hartog v Hartog*, 85 NY2d at 50).

Lastly, the Supreme Court, upon reargument, properly granted the motion of the New York Life defendants for summary judgment dismissing the amended complaint insofar as asserted against them. These defendants established, prima facie, that the proceeds of the $200,000 NYLIAC policy were in a protected account, the management of which the plaintiff agreed to by stipulation. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.