Garcia v Garcia (2021 NY Slip Op 06674)





Garcia v Garcia


2021 NY Slip Op 06674


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-15046
 (Index No. 21001/10)

[*1]Elizabeth Garcia, appellant,
v
Leoncio D. Garcia, respondent.


Ross & Asmar, LLC, New York, NY (Steven B. Ross of counsel), for appellant.
Gerald M. Hertz, PLLC, Great Neck, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered June 12, 2018. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated November 9, 2017, made after a nonjury trial, (1) valued the marital residence at $305,000 and awarded the defendant 45% of that value, or $137,250, and (2) awarded the defendant a share of the plaintiff's pension and retirement accounts.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof valuing the marital residence at $305,000 and awarding the defendant 45% of that value, or $137,250, and substituting therefor a provision denying the defendant a distributive award from the marital residence; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The marital residence is an apartment purchased by the plaintiff in July 2001, approximately two months prior to the date of the marriage. The defendant lived with the plaintiff in the marital residence for most, if not all, of the period from the date of the marriage until 2005, when the defendant relocated to the Philippines. The plaintiff commenced this action in August 2010.
The Supreme Court properly determined that the marital residence was the plaintiff's separate property, since she purchased the apartment prior to the marriage (see Carniol v Carniol, 306 AD2d 366, 368; Sidhu v Sidhu, 304 AD2d 816, 817). "Under the equitable distribution statute, separate property is defined to include an increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Johnson v Chapin, 12 NY3d 461, 466; see Domestic Relations Law § 236[B][1][d][3]). "Thus, any appreciation in the value of separate property due to the contributions or efforts of the nontitled spouse will be considered marital property. This includes any direct contributions to the appreciation, such as when the nontitled spouse makes financial contributions towards the property, as well as when the nontitled spouse makes direct nonfinancial contributions, such as by personally maintaining, making improvements to, or renovating a marital residence" (Johnson v Chapin, 12 NY3d at 466 [citation omitted]; see Embury v Embury, 49 AD3d 802, 804). In addition, under certain circumstances, appreciation should, to the extent it was produced by efforts of the titled [*2]spouse, be considered a product of the marital partnership and hence, marital property (see Zaretsky v Zaretsky, 66 AD3d 885, 888). However, "the appreciation remains separate property if it resulted purely from market forces, as opposed to the titled spouse's efforts" (id. at 888). Here, there was no evidence that the marital residence appreciated in value from any factor other than market forces. Therefore, the appreciation remained separate property (see id. at 888).
The plaintiff argues that the Supreme Court erred in awarding the defendant an equitable share of her pension and retirement accounts, as there was no evidence presented at the trial as to the existence or value of such accounts. In awarding the defendant an equitable share of the plaintiff's pension and retirement accounts, the court relied upon the plaintiff's statement of net worth with attached documents, which were not admitted into evidence at trial. However, there is no merit to the plaintiff's claim that the court erred in taking judicial notice of her statement of net worth and its attachments, which had been filed with the court (see Baumgardner v Baumgardner, 98 AD3d 929, 931). Accordingly, the plaintiff's challenge to this award is without merit.
The defendant's remaining contentions are without merit.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court