Shvalb v Rubinshtein (2022 NY Slip Op 02827)

Shvalb v Rubinshtein

2022 NY Slip Op 02827

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.

2019-05937
 (Index No. 50262/16)

[*1]Yan Shvalb, respondent, 
v
Marina Rubinshtein, appellant.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Kleyman Law Firm, New York, NY (Catherine McKinney of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Richmond County (Robert W. Soos, Ct. Atty. Ref.), dated February 5, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated November 26, 2018, made after a nonjury trial, (1) in effect, awarded the plaintiff 50% of the appreciation of the value of the marital residence located in Staten Island, (2) failed to award the defendant a credit for payments allegedly made toward the parties' apartment located in North Miami Beach, Florida, (3) failed to award the defendant a credit for a loan allegedly obtained from her father to purchase a condominium located in Sunny Isles Beach, Florida, (4) failed to award the defendant a credit for the plaintiff's use of certain stock obtained during the marriage through the plaintiff's employment with Apple, Inc., (5) failed to determine that the plaintiff wastefully dissipated marital assets, (6) distributed the parties' joint AXA account and directed the parties to utilize the funds therein to pay their counsel fees, (7) imputed income to the plaintiff in the sum of $65,000 per year in calculating his child support obligation, (8) failed to award child support to the defendant retroactive to the date of commencement of the action, (9) failed to direct the plaintiff to obtain and maintain a life insurance policy for the benefit of the parties' children until payment of child support is completed, and (10) directed the plaintiff to pay child support and add-on expenses until the parties' children reach the age of 18 or are otherwise emancipated.
ORDERED that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof directing the plaintiff to pay child support and add-on expenses until the parties' children reach the age of 18 or are otherwise emancipated, and substituting therefor a provision directing the plaintiff to pay child support and add-on expenses until the children reach the age of 21 or are otherwise emancipated, and (2) by adding thereto a provision directing the plaintiff to obtain and maintain a life insurance policy for the benefit of the parties' children until payment of child support is completed, in an amount sufficient to secure that obligation; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a calculation of the appropriate amount of life insurance to be obtained by the plaintiff to secure the payment of his child support obligation.
The parties were married in 2007 and have two children together, both born in 2010. A nonjury trial was held on the issues of equitable distribution, child support, and counsel fees.
"'Domestic Relations Law § 236 mandates that the equitable distribution of marital assets be based on the circumstances of the particular case and directs the courts to consider a number of statutory factors'" (Fairchild v Fairchild, 149 AD3d 810, 810-811, quoting Fields v Fields, 15 NY3d 158, 170; see Domestic Relations Law § 236[B][5][c], [d]). "'A trial court considering the factors set forth in the Domestic Relations Law has broad discretion in deciding what is equitable under all of the circumstances'" (Fairchild v Fairchild, 149 AD3d at 811, quoting Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420) and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed (see Kotsakis v Kotsakis, 169 AD3d 1023, 1023).
The Supreme Court properly determined that the marital residence located in Staten Island was the defendant's separate property, since she purchased it prior to the marriage (see Carniol v Carniol, 306 AD2d 366, 368; Sidhu v Sidhu, 304 AD2d 816, 817).
"Under the equitable distribution statute, separate property is defined to include an increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Johnson v Chapin, 12 NY3d 461, 466; see Domestic Relations Law § 236[B][1][d][3]). "Thus, any appreciation in the value of separate property due to the contributions or efforts of the nontitled spouse will be considered marital property. This includes any direct contributions to the appreciation, such as when the nontitled spouse makes financial contributions towards the property, as well as when the nontitled spouse makes direct nonfinancial contributions, such as by personally maintaining, making improvements to, or renovating a marital residence" (Johnson v Chapin, 12 NY3d at 466 [citation omitted]; see Embury v Embury, 49 AD3d 802, 804). In addition, under certain circumstances, appreciation should, to the extent it was produced by efforts of the titled spouse, be considered a product of the marital partnership and hence, marital property (see Zaretsky v Zaretsky, 66 AD3d 885, 888). However, "the appreciation remains separate property if it resulted purely from market forces, as opposed to the titled spouse's efforts" (id. at 888). Here, the Supreme Court properly determined that the marital residence appreciated in value from the financial contributions of the plaintiff and appropriately awarded him 50% of the appreciated value.
Contrary to the defendant's contention, the Supreme Court's determination that she failed to substantiate any claim for a credit or offset for the expenses associated with the parties' apartment located in North Miami Beach, Florida, is supported by the record.
Further, there is no basis to disturb the Supreme Court's determination as to the credibility of the witnesses regarding an alleged loan made by the defendant's father for, inter alia, the parties' condominium located in Sunny Isles Beach, Florida, and the parties' repayments of same (see Patete v Rodriguez, 109 AD3d 595, 598).
The record does not support the defendant's contentions that the plaintiff used funds from the sale of certain Apple stock for his personal use, or that he wastefully dissipated marital assets (see Domestic Relation Law § 236[B][5][d][12]; Spencer-Forrest v Forrest, 159 AD3d 762, 765; Epstein v Messner, 73 AD3d 843, 846).
Contrary to the defendant's contention, the Supreme Court did not err in determining that the parties' joint AXA bank account was marital property subject to distribution, despite the defendant's contention that the funds in the account belonged to the parties' children (see Wortman v Wortman, 11 AD3d 604, 606). Accordingly, the court did not err in directing the distribution of the account and the utilization of those funds to pay the parties' counsel fees.
Contrary to the defendant's contention, the Supreme Court's determination to impute $65,000 of income to the plaintiff in calculating his child support obligation was based on credibility determinations and supported by the record, and thus should not be disturbed (see Matter of Evans [*2]v Evans, 186 AD3d 1684, 1685; Matter of Grace v Amabile, 181 AD3d 602, 604).
Contrary to the defendant's contention, the Supreme Court properly denied her request for retroactive child support. A party's child support obligations commence, and are retroactive to, the date the applications for child support was first made, which, in this case, was April 11, 2016, the date of the defendant's answer and counterclaims (see Domestic Relations Law § 236[B][7][a]; DiLascio v DiLascio, 170 AD3d 804, 808). Here, the record does not support the defendant's contention that the plaintiff failed to pay child support between April 2016 and June 2016.
A party's obligation to pay maintenance and child support terminates upon that party's death (see Domestic Relations Law § 236[B][1][a]; [5-a][g]; [6][f][3]; Mayer v Mayer, 142 AD3d 691, 695-696). The death of a payor spouse, however, may cause financial injury to a former spouse or children who, but for the payor spouse's death, would have continued to receive maintenance, a distributive award, or child support. Accordingly, the legislature has provided that a court may require a payor spouse to maintain life insurance to prevent that financial injury (see Domestic Relations Law § 236[B][8][a]; Mayer v Mayer, 142 AD3d at 696). Thus, where life insurance is appropriate, it should be set in an amount sufficient to achieve that purpose (see Hartog v Hartog, 85 NY2d 36, 50). Here, the Supreme Court should have directed the plaintiff to maintain a life insurance policy for the benefit of the parties' children until their emancipation (see Domestic Relations Law § 236[B][8][a]; Mayer v Mayer, 142 AD3d at 696). Accordingly, we remit the matter to the Supreme Court, Richmond County, for a determination of the amount of life insurance sufficient to secure the plaintiff's child support obligations (see Sinnott v Sinnott, 194 AD3d 868, 879; Gillman v Gillman, 139 AD3d 667, 668).
As the defendant correctly contends, the Supreme Court should not have directed the plaintiff to pay child support and add-on expenses only until the parties' children reach the age of 18, as the plaintiff has a continuing obligation to support the children until the age of 21 (see Domestic Relations Law § 240[1-b][b][2]; Family Ct Act § 413).
The defendant's remaining contention is without merit.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court