Turco v Turco (2024 NY Slip Op 04412)

Turco v Turco

2024 NY Slip Op 04412

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-08923
 (Index No. 4162/17)

[*1]Louis Turco, appellant, 
v
Ann Turco, respondent.

Klein & Sanchez, P.C., Poughkeepsie, NY (Steven H. Klein of counsel), for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated August 12, 2019, the plaintiff appeals from an order of the Supreme Court, Orange County (Carol S. Klein, J.), dated October 4, 2022. The order, insofar as appealed from, after a hearing, granted that branch of the defendant's cross-motion which was, in effect, to enforce a provision of the judgment of divorce that required the plaintiff to maintain his life insurance policy.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2000 and have three children. The parties were divorced by a judgment dated August 12, 2019, which incorporated, but did not merge a stipulation of settlement placed on the record before the Supreme Court on May 21, 2018. In 2020, the plaintiff moved to hold the defendant in contempt for allegedly violating certain provisions of the judgment of divorce. The defendant cross-moved, inter alia, in effect, to enforce a provision of the judgment of divorce that required the plaintiff to maintain his life insurance policy. By order dated October 4, 2022, the court, after a hearing, among other things, granted that branch of the defendant's cross-motion. The plaintiff appeals.
Courts have the general authority to "order a party to purchase, maintain or assign a policy of . . . insurance on the life of either spouse" (Domestic Relations Law § 236[B][8][a]; see Hartog v Hartog, 85 NY2d 36, 50; Shvalb v Rubinshtein, 204 AD3d 1059, 1063). "The plain language of the statute expressly provides that life insurance may be used as a means to secure maintenance and child support payments, so that dependent spouses and children will be adequately protected" (Hartog v Hartog, 85 NY2d at 50; see Shvalb v Rubinshtein, 204 AD3d at 1063).
"A stipulation of settlement which is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Del Vecchio v Del Vecchio, 219 AD3d 572, 575 [internal quotation marks omitted]; see Sabau v Sabau, 222 AD3d 1017, 1019). "A court should interpret the stipulation in accordance with its plain and ordinary meaning, and arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Sabau v Sabau, 222 AD3d at 1019 [internal quotation marks omitted]; see Frantz v Marchbein, 216 AD3d 746, 749).
Here, the parties' stipulation placed on the record on May 21, 2018, and the judgment of divorce which incorporated, but did not merge, that stipulation, placed a continuing obligation on the plaintiff to maintain his one million dollar life insurance policy. Contrary to the plaintiff's contention, the Supreme Court did not hold him in contempt for failing to have a life insurance policy. Rather, the court properly granted that branch of the defendant's cross-motion which was, in effect, to enforce the provision of the judgment of divorce that required the plaintiff to maintain his life insurance policy (see Sabau v Sabau, 222 AD3d at 1019).
The plaintiff's remaining contentions either are without merit or not properly before this Court.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court