Yadira Xiaohong Luo v Kyan Htwe Lee
2026 NY Slip Op 03023
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Yadira Xiaohong Luo, appellant,
v
Kyan Htwe Lee, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2021-07162, (Index No. 54272/16)
Hector D. Lasalle, P.J.
Francesca E. Connolly
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

The Law Firm of Joel R. Brandes, P.C., New York, NY, for appellant.
The Edelsteins, Faegenburg & Brown, New York, NY (Adam J. Edelstein of counsel), for respondent.

[*1]
DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Kings County (Carl J. Landicino, J.), dated July 27, 2021. The judgment of divorce, upon a decision of the same court dated February 26, 2021, made after a nonjury trial, inter alia, (1) awarded the plaintiff the sums of only $2,016.20 per month in maintenance and only $2,310 per month in child support, (2) directed the plaintiff to pay 28% and the defendant to pay 72% of the children's educational and extracurricular expenses, (3) awarded the plaintiff a distributive award in the sum of only $120,000 with respect to property located at 1316 Avenue V, Brooklyn, titled in the name of Forbest Fortune Realty, Inc., (4) awarded the plaintiff a distributive award in the sum of only $129,000 with respect to property located at 2481 Coney Island Avenue, Brooklyn, titled in the name of Lucky Fortune Realty, Inc., (5) failed to award the plaintiff any amount relating to the appreciation of the value of property located at 1119-1121 Avenue U, Brooklyn, titled in the name of Bright Fortune, Inc., and 805 Avenue U, Brooklyn, titled in the name of Fine Fortune, Inc., (6) awarded the plaintiff counsel and expert fees in the sum of only $475,000, and (7) directed the defendant to maintain insurance on his life for the benefit of the children in the sum of only $300,000.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1998 and have two children. In 2016, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial on the issues, inter alia, of maintenance, child support, and equitable distribution, the Supreme Court issued a decision dated February 26, 2021. The plaintiff appeals from stated portions of a judgment of divorce dated July 27, 2021, entered upon the decision.
"'[A] court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed'" (Albano v Albano, 230 AD3d 723, 724 [internal quotation marks omitted], quoting Castello v Castello, 144 AD3d 723, 725). "'The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money [*2]received from friends and relatives'" (Bishop v Bishop, 230 AD3d 1212, 1213, quoting Wesche v Wesche, 77 AD3d 921, 923). The trial court is "'[a]fforded considerable discretion in determining whether to impute income to a [party], and the court's credibility determinations will be accorded deference on appeal'" (Matter of Davis v Shihadeh, 209 AD3d 733, 734, quoting Saks v Saks, 199 AD3d 950, 952).
Here, the Supreme Court providently exercised its discretion in imputing income to the defendant in the sum of $120,000 annually, resulting in a total annual income of $156,000, for the purpose of calculating maintenance and child support based upon his stated income and evidence of additional income in the form of purported gifts from his family and rents received from various properties that he managed (see Marin v Marin, 148 AD3d 1132, 1134; Castello v Castello, 144 AD3d at 725-726; Matter of Abellard v Aime, 18 AD3d 653, 653). The plaintiff's contention that the court did not impute enough income to the defendant is without merit.
"'The trial court is vested with broad discretion in making an equitable distribution of marital property and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Tzu Ching Kao v Bonalle, 214 AD3d 922, 923-924, quoting Kamm v Kamm, 182 AD3d 590, 591). "'Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal'" (id. at 924, quoting Kamm v Kamm, 182 AD3d at 591).
"'Property acquired during the marriage is presumed to be marital property, and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property'" (Sosnowik v Sosnowik, 238 AD3d 795, 797, quoting Gorman v Gorman, 165 AD3d 1067, 1074; see Domestic Relations Law § 236[B][1][c]). Appreciation in value of separate property is separate property "except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (Domestic Relations Law § 236[B][1][d][3]; see Hartog v Hartog, 85 NY2d 36, 46). "[I]ndirect contributions of the nontitled spouse (e.g., services as spouse, parent and homemaker, and contributions to the other party's career or career potential) are relevant in the equitable disposition calculations just as direct contributions are" (Hartog v Hartog, 85 NY2d at 46; see Domestic Relations Law § 236[B][5][d][7]). "Thus, to the extent that the appreciated value of separate property is at all 'aided or facilitated' by the nontitled spouse's direct or indirect efforts, that part of the appreciation is marital property subject to equitable distribution" (Hartog v Hartog, 85 NY2d at 46, quoting Price v Price, 69 NY2d 8, 18).
According deference to the Supreme Court's credibility determinations, the testimony and evidence presented supported its determination that the defendant held a 20% interest in property located at 1316 Avenue V, Brooklyn, and a 30% interest in property located at 2481 Coney Island Avenue, Brooklyn, and that his interest in those properties constituted marital property subject to equitable distribution (see Domestic Relations Law § 236[B][1][c]). Moreover, the court providently exercised its discretion in awarding the plaintiff the value of one-half of the defendant's interest in those properties. Further, the court properly determined that the defendant's interest in property located at 1119-1121 Avenue U, Brooklyn, and 805 Avenue U, Brooklyn, constituted separate property and that the plaintiff failed to establish that any appreciation in the value of those properties constituted marital property subject to equitable distribution, since she failed to demonstrate that any appreciation was caused by anything other than market forces (see id. § 236[B][1][d]; Dinoto v Dinoto, 97 AD3d 529, 530; Zaretsky v Zaretsky, 66 AD3d 885, 888; Pauk v Pauk, 232 AD2d 386, 391-392; cf. Hartog v Hartog, 85 NY2d at 49).
To the extent that the plaintiff contends that the Supreme Court erred in failing to distribute the values of the corporations rather than the value of the properties, such contention is without merit since the evidence demonstrated that the assets of the corporations were limited to the properties and the corporate bank accounts, and the court equitably distributed the value of the defendant's interest in the corporate bank accounts.
"'An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter [*3]within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case'" (Nehlsen v Nehlsen, 241 AD3d 562, 563, quoting Kugler v Kugler, 174 AD3d 878, 878). "In exercising judicial discretion to determine counsel fee applications, the courts must take into account not only the financial circumstances of the parties but the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party has delayed the proceedings unreasonably or engaged in unnecessary litigation" (Kaufman v Kaufman, 189 AD3d 31, 74; see Marchese v Marchese, 185 AD3d 571, 576).
Here, considering the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions and whether either party delayed the proceedings or engaged in unnecessary litigation, the Supreme Court providently exercised its discretion in awarding the plaintiff counsel and expert fees in the sum of $475,000 (see Torkin v Susac, 236 AD3d 1089, 1090; Blocker v Blocker, 221 AD3d 768, 769-770).
Where a custodial parent is working or pursuing education or training that will lead to employment and incurs child care expenses as a result thereof, "the court shall determine reasonable child care expenses and such child care expenses, where incurred, shall be prorated in the same proportion as each parent's income is to the combined parental income" (Domestic Relations Law § 240[1-b][c][4]). Extracurricular activities, including summer camp, may be appropriately considered as an add on expense for child care (see Spinner v Spinner, 188 AD3d 748, 752; Micciche v Micciche, 62 AD3d 673, 673). Moreover, "[w]here the court determines, having regard for the circumstances of the case and of the respective parties and in the best interests of the child, and as justice requires, that the present or future provision of post-secondary, private, special, or enriched education for the child is appropriate, the court may award educational expenses" (Domestic Relations Law § 240[1-b][c][7]; see Spinner v Spinner, 188 AD3d at 753). Here, the Supreme Court properly directed that the children's educational and extracurricular expenses be prorated in proportion to the parties' respective incomes (see Saks v Saks, 199 AD3d at 951; Spinner v Spinner, 188 AD3d at 752; Bauman v Bauman, 132 AD3d 791, 793).
Under Domestic Relations Law § 236(B)(8)(a), a court has the general authority to "order a party to purchase, maintain or assign a policy of . . . insurance on the life of either spouse" (see Hartog v Hartog, 85 NY2d at 50; Turco v Turco, 230 AD3d 1182, 1182). "The plain language of the statute expressly provides that life insurance may be used as a means to secure maintenance and child support payments, so that dependent spouses and children will be adequately protected" (Hartog v Hartog, 85 NY2d at 50; see Mayer v Mayer, 142 AD3d 691, 696). Here, the Supreme Court providently exercised its discretion in directing the defendant to maintain insurance on his life in the sum of $300,000, naming the children as beneficiaries until their emancipation (see Shvalb v Rubinshtein, 204 AD3d 1059, 1063; Mayer v Mayer, 142 AD3d at 696).
The plaintiff's remaining contentions are without merit.
LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

2021-07162 DECISION & ORDER ON MOTION
Yadira Xiaohong Luo, appellant, v Kyan Htwe Lee,
respondent.
(Index No. 54272/16)

Appeal from a judgment of divorce of the Supreme Court, Kings County, dated July 27, 2021. Motion by the appellant, inter alia, to strike stated portions of the respondent's brief, inter alia, on the ground that they refer to matter dehors the record. By decision and order on motion of [*4]this court dated July 24, 2023, that branch of the motion which is to strike stated portions of the respondent's brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike stated portions of the respondent's brief is granted to the extent that the words "that Appellant stole from the locked file cabinet" on page 35 of the respondent's brief are stricken and have not been considered in the determination of the appeal, and that branch of the motion is otherwise denied.
LASALLE, P.J., CONNOLLY, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court